IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 19-cr-00129-DKW<br>Civil No. 25-00233 DKW-KJM |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS**[1] |
| SUNG S. YANG, | |
| Defendant. | |

On June 2, 2025, *pro se* Defendant/Petitioner Sung S. Yang, M.D. ("Dr. Yang") filed a Petition for Writ of Error Coram Nobis challenging the Court's amended judgment and restitution order.[2] For the reasons that follow, the Court DENIES the Petition.

## FACTUAL & PROCEDURAL BACKGROUND

On October 7, 2019, Dr. Yang pleaded guilty to one count of health care fraud in violation of 18 U.S.C. § 1347. Dkt. No. 5. On May 26, 2021, the Court sentenced Dr. Yang to 18 months' imprisonment and 2 years of supervised release, and ordered him to pay $253,419.11 in restitution, consisting of $46,697.70 to Medicare,

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] As Dr. Yang is pro se, the Court liberally construes his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

$157,783.04 to Medicaid, $7,603.85 to TRICARE, and $41,334.52 to Hawaii Medical Service Association. Dkt. Nos. 30 & 34. The plea agreement waived any right to appeal or pursue "any collateral attack" against the Court's amended judgment, including the restitution order imposed, with limited exceptions not applicable here. Dkt. No. 7 ¶ 12. During the sentencing hearing, Dr. Yang affirmed that he understood and accepted these waivers. Dkt. No. 55 at 15:1–11. On October 25, 2023, the Government filed a release of notice of lien reflecting that Dr. Yang had fully satisfied the restitution order. Dkt. No. 64.

On July 18, 2024, Dr. Yang filed a motion to correct the judgment. Dkt. No. 70. Dr. Yang sought to have Ohana Health Plan ("Ohana") substituted as a restitution recipient in place of Medicaid, claiming that substitution was needed so that Ohana could refund an "improperly billed" $14,028.91 payment Dr. Yang had "double-paid through the court's restitution order." *Id*. at 4. On August 12, 2024, the Court denied the motion, concluding that there was no error in the judgment that needed correction and that any dispute concerning the reconciliation of payments made to Ohana was "an issue between Medicare, Medicaid, their respective subcontractors, including [Ohana], and Dr. Yang—not the Court." Dkt. No. 74 at 3.

On June 2, 2025, Dr. Yang filed the present Petition for Writ of Error Coram Nobis. Dkt. No. 75. Dr. Yang claims that, prior to his incarceration, he paid Ohana—an entity that services Medicaid and Medicare—$14,028.91 for

improperly-billed medical services. *Id.* ¶ 6. "[T]he same $14,028.91 was disbursed" to Medicaid and Medicare by Ohana, but Ohana "refuses to reimburse [Yang] for the sum"—consequently, Dr. Yang effectively double-paid when fulfilling the restitution order. *Id.* ¶¶ 6–7. Dr. Yang requests that the Court grant coram nobis to "correct[] the judgment in this case to reflect that Ohana [] should be paid" rather than Medicaid, allowing Dr. Yang to be reimbursed. *Id.* ¶ 14.

On June 17, 2025, the Government filed its opposition, arguing that (1) any petition attacking the judgment is barred by Dr. Yang's plea agreement; (2) the petition is untimely; and (3) there is no fundamental error in the amended judgment warranting coram nobis relief. Dkt. No. 77. On July 9, 2025, Dr. Yang replied that (1) the omission of Ohana from the amended judgment constituted a fundamental error; (2) he waived only his right to challenge his conviction and sentence, not the restitution order; and (3) the petition is timely. Dkt. No. 78.

## DISCUSSION

The Court agrees with the Government that the petition for writ of coram nobis must be denied, both on procedural grounds and on the merits.

First, the Government argues that Dr. Yang's plea agreement precludes any use of the writ of coram nobis here. Dkt. No. 77 at 4–5. The Court agrees. A defendant's right to challenge a judgment via writ of coram nobis may be validly waived pursuant to a plea agreement. *See Evans v. United States*, 270 F. App'x 579,

580 (9th Cir. 2008) (concluding that defendant was "barred by his plea waiver from contesting the sentence through a writ of error coram nobis"); *Quisano v. United States*, 2008 WL 351210, at *3 (D. Haw. Feb. 8, 2008) (holding that plea agreement waived defendant's ability to petition for writ of coram nobis). A defendant's waiver of his collateral-attack rights is enforceable "if [(1)] the language of the waiver encompasses his right to [attack] on the grounds raised, and if [(2)] the waiver was knowingly and voluntarily made." *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

    Here, Dr. Yang's plea agreement explicitly waives his right to "any collateral attack" of the Court's amended judgment. Dkt. No. 7 ¶ 12. A petition for writ of coram nobis is such "a collateral attack on a criminal conviction," *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994), and courts have found that similarly-worded plea waivers sufficed to waive any right to pursue coram nobis relief, *see Quisano*, 2008 WL 351210, at *3 (holding that a plea agreement specifically waiving "any collateral attack" constituted a waiver of coram nobis rights). There is also no doubt that Dr. Yang entered this agreement knowingly and willingly: he affirmed his consent to the waiver after it was explained to him in his sentencing hearing, *see* Dkt. No. 55 at 15:1–11, and Dr. Yang does not claim otherwise even now. Accordingly, Dr. Yang's petition for writ of coram nobis is barred by the terms of his plea agreement.

Even if this were not the case, the Court would still not grant Dr. Yang's request because a writ of coram nobis is not warranted. Coram nobis permits a petitioner to challenge a conviction when the petitioner has served his sentence and is no longer in custody. *See Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). Specifically, the writ "provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *See id.* (internal quotation marks omitted). "[T]he writ of coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). Because the writ is an "extraordinary" remedy, it is "used only to review errors of the most fundamental character." *Id.* (quotation marks and citations omitted); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." (quotation marks, brackets, and citation omitted)).

To qualify for coram nobis relief, a petitioner must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Riedl*, 496 F.3d at 1005. "Because these requirements are

conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). For the fourth factor, "[a] fundamental error is an error that renders the underlying proceeding itself irregular and invalid." *Shin v. United States*, 2017 WL 2802866, at *7 (D. Haw. June 28, 2017), *aff'd*, 782 F. App'x 595 (9th Cir. 2019) (citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987)). The error in question can be an error of fact, *Hirabayashi,* 828 F.2d at 604, or an "egregious legal error," *Yasui v. United States,* 772 F.2d 1496, 1499 n. 2 (9th Cir. 1985).

Even if the Court assumed that Dr. Yang met the first three factors required for a writ of coram nobis, he would still fail to satisfy the fourth—there is no fundamental error present here. Dr. Yang alleges that, prior to judgment, he paid $14,028.91 to Ohana—a Medicaid intermediary—and then paid the same amount to Medicaid directly following issuance of this Court's restitution order. Dkt. No. 75 ¶ 14. But while, if true, this would mean Dr. Yang overpaid,[3] that does not make the amended judgment erroneous. There is no dispute here that the amended judgment accurately memorializes Dr. Yang's conviction for defrauding Medicare and Medicaid by overbilling and submitting false claims, including the correct amount of restitution owed to those programs. Indeed, Dr. Yang insists that he has

---

[3]The evidence provided in support of the petition does not allow the Court to conclude that such overpayment has been made.

"never sought to question . . . the forfeiture that [he] should be compelled to pay." Dkt. No. 80 at 1–2.

Dr. Yang instead claims that the failure to include Ohana in the amended judgment was an error. *Id*. But if this was an error, it was not one of the Court's making. The alleged double-payment did not stem from the Court's amended judgment and restitution order—which are, after all, what the writ of coram nobis collaterally attacks—but rather from confused or mistaken transactions between Dr. Yang, Ohana, Medicare, and Medicaid. Had Dr. Yang, for instance, communicated his alleged pre-judgment payment to Ohana during plea negotiations, the amount of restitution could have been reduced commensurately. Or failing to do that, Dr. Yang could simply have declined to pay restitution by the same amount as his alleged pre-judgment payment to Ohana, precisely because the amount had already been paid, until an appropriate credit was reflected, thereby avoiding the overpayment of which he now complains. As frustrating as the situation might be, none of Dr. Yang's allegations suggest such a fundamental error in the amended judgment itself as to call its validity into question. *See Hirabayashi*, 828 F.2d at 604 ("[T]he *coram nobis* writ allows a court to vacate its judgments for errors of fact . . . in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid." (internal quotation marks and citations omitted)). Accordingly, the petition for writ of coram nobis must be denied. *See United States*

*v. McNeil*, 2021 WL 2931339, at *5 (D. Haw. July 12, 2021) (denying coram nobis where petitioner "fail[ed] to show any error, let alone one of a fundamental character").[4]

## CONCLUSION

For the reasons set forth herein, Dr. Yang's Petition for Writ of Error Coram Nobis, Dkt. No. 75, is DENIED.

IT IS SO ORDERED.

DATED: January 7, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*USA v. Yang*; CR No. 19-00129 DKW and Civil No. 25-00233 DKW-KJM;
**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS**

---

[4] Because the Court has determined that Dr. Yang's petition fails to satisfy the fourth factor for a writ of coram nobis, it declines to address the other writ prerequisites, including the timeliness element presented by the Government. *See Matus-Leva*, 287 F.3d at 760; Dkt. No. 77 at 5-6.